## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

GERALD FLEMING,                    )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )        Case No. CIV-19-777-G
                                   )
JOE COOPER'S EASY CREDIT           )
AUTO, LLC, et al.,                 )
                                   )
        Defendants.                )

## ORDER

Now before the Court is Plaintiff Gerald Fleming's Unopposed Motion to Substitute

Parties (Doc. No. 28).

### I.      Background

Plaintiff filed this employment-discrimination lawsuit in August 2019, raising

claims against two Defendants.  In June 2020, Plaintiff filed a motion seeking a stay of

proceedings to allow Plaintiff's bankruptcy trustee to obtain the necessary authority to

move to be substituted as the real party in interest in this action.  *See* Doc. No. 24.

Accordingly, the Court granted a stay of all deadlines "to allow the bankruptcy trustee to

seek to pursue the claims alleged as the real party in interest on behalf of the bankruptcy

estate.  *See* Fed. R. Civ. P. 17(a)(1), (3); *Ardese v. DCT, Inc.*, No. 06-CV-012-JHP, 2006

WL 3757916, at *6 n.3 (E.D. Okla. Dec. 19, 2006)."  Order of July 10, 2020 (Doc. No. 26)

at 1.

In the present Motion, Plaintiff states that on May 18, 2017, he filed a charge of

discrimination with the Equal Employment Opportunity Commission ("EEOC").  Pl.'s

Mot. at 1-2; *accord* Compl. ¶ 25 (Doc. No. 1-3).  Plaintiff then filed for Chapter 7 bankruptcy on October 25, 2017.  *See* Pl.'s Mot. at 1; *In re Fleming*, No. 17-14306-JDL (Bankr. W.D. Okla.).  "It appear[s] the Bankruptcy Trustee was not provided notice of Plaintiff's EEOC filing" prior to the adjudication of bankruptcy and issuance of a discharge order on January 31, 2018.  Pl.'s Mot. at 2; *see id.* at 1; *see also id.* Ex. 1 (Doc. No. 28-1) at 20.

After this lawsuit was filed, Plaintiff's counsel learned about the Chapter 7 filing and discharge.  She then notified the Bankruptcy Trustee, Ginger D. Goddard.  Pl.'s Mot. at 1-2.  Ms. Goddard "reopened Plaintiff's Chapter 7 bankruptcy case and retained Amber Hurst (Plaintiff's current counsel) as special counsel for the Trustee."  *Id.* at 2; *see In re Fleming*, No. 17-14306-JDL, at Dkt. Nos. 19, 21, 30.

## II.    Discussion

Based upon the undisputed facts as recited above and in Plaintiff's Complaint, "all causes of action asserted by Plaintiff against Defendant[s] had accrued at the time that Plaintiff initiated [his] Chapter 7 bankruptcy case, and, at that point, pursuant to 11 U.S.C. § 541(a)(1), all of Plaintiff's causes of action against Defendant[s] became property of the bankruptcy estate."  *Ardese*, 2006 WL 3757916, at *6; *accord Bankr. Estate of Elliott v. Okla. ex rel. Dep't of Corr.*, No. CIV-06-65-D, 2008 WL 4620406, at *5 (W.D. Okla. Oct. 16, 2008); *see* 11 U.S.C. § 541(a)(1) (prescribing that the commencement of a bankruptcy case "creates an estate" that includes "all legal or equitable interests of the debtor as of the commencement of the case"); *see also* Compl. ¶¶ 6, 16 (Plaintiff alleging that he began his employment in 2010 and was terminated in 2016).  The bankruptcy trustee is the

representative of that estate and has the "capacity to sue and be sued." 11 U.S.C. § 323(a), (b).

It follows that "the bankruptcy trustee, as the bankruptcy estate's representative, reserves the exclusive right to assert causes of action belonging to the bankruptcy estate." *Ardese*, 2006 WL 3757916, at *4. Accordingly, courts routinely conclude that the plaintiff's bankruptcy trustee is the "real party in interest" on such causes of action and order that the trustee be substituted in as the plaintiff on the relevant lawsuit. Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."); *Ardese*, 2006 WL 3757916, at *6 & n.3; *see also* Fed. R. Civ. P. 17(a)(3); *see, e.g.*, *Elliott*, 2008 WL 4620406, at *1; *Gilman v. Target Corp.*, No. 09-cv-00669-ZLW-KMT, 2009 WL 4611474, at *4 (D. Colo. Dec. 1, 2009).

As it appears that "the initial failure to name the real party in interest was the result of an 'honest mistake,'" and in light of the lack of any objection from Defendants, the Court will allow the Bankruptcy Trustee to be substituted for Mr. Fleming as the sole plaintiff in this action. *Gilman*, 2009 WL 4611474, at *4 & n.27.

## CONCLUSION

For the foregoing reasons, Plaintiff's Unopposed Motion to Substitute Parties (Doc. No. 28) is GRANTED. It is FURTHER ORDERED that Gerald Fleming is dismissed from this action without prejudice and "Ginger D. Goddard, Bankruptcy Trustee" shall be substituted as the plaintiff. The case caption shall be amended accordingly.

This matter is hereby REOPENED and shall be set for a status and scheduling conference on the Court's next available docket.

Counsel for Ginger D. Goddard shall file an entry of appearance within seven (7) days of the date of this Order.

IT IS SO ORDERED this 16th day of December, 2020.

CHARLES B. GOODWIN
United States District Judge